IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Hillcrest Bank,<br><br>       Plaintiff,<br><br>v.<br><br>BRYAN CAVE LLP,<br><br>       Defendant. | Civil Action No.<br>1:10-cv-03666-TCB |
| MCKENNA LONG & ALDRIDGE, LLP,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Darby Bank & Trust Co., K Bank, McInstosh (*sic*) Commercial Bank, and NorthWest Bank & Trust,<br><br>       Defendants. | Civil Action No.<br>1:10-cv-03779-RWS |

**FDIC-RECEIVER'S MOTION TO CONSOLIDATE ACTIONS OR, ALTERNATIVELY, TO HAVE ACTIONS DEEMED "RELATED" AND FOR EXPEDITED REVIEW OF THE DECLARATORY JUDGMENT CLAIMS AND INCORPORATED MEMORANDUM OF LAW**

The Federal Deposit Insurance Corporation ("FDIC"), acting in the various

capacities described below, brings this motion to consolidate the actions (or

otherwise join them for hearing) and to expedite the review of the declaratory judgment claims in both actions, pursuant to Federal Rules of Civil Procedure 42 and 57, Local Rule 7.2B and this Court's local practice and procedure.  The FDIC serves in these cases in the following capacities:

(1)     Plaintiff-Receiver for Hillcrest Bank in its action against Defendant Bryan Cave LLP ("Bryan Cave") (Civil Action No. 1:10-CV-03666-TCB) (the "Bryan Cave Action"); and

(2)     Defendant-Receivers for Darby Bank & Trust Co., K Bank, McIntosh Commercial Bank and North West Bank & Trust in the action initiated by Plaintiff McKenna Long & Aldridge, LLP ("MLA") (Civil Action No. 1:10-CV03779-RWS) (the "MLA Action").

The FDIC acting in all of these capacities is hereinafter described as the FDIC-Receiver.

## I.     INTRODUCTION

The claims for declaratory judgment in both actions are stated only slightly differently, but the fundamental issue is the same:

Whether officers and directors of failing banks facing closure and the private law firms representing them are entitled to remove from the bank's premises copies of confidential bank records (including records containing bank customers' personal identifying

information) to be accessed and held by those officers and directors, or by their counsel, for their personal and individual use in whatever action or litigation might be filed against those officers and directors in the future.

Approximately 300 FDIC-insured banks and thrifts have failed in the past 3 years, and it is expected that the number of financial institutions in receivership will continue to rise.  Under federal law, one of FDIC's core missions is acting as receiver for failed banks for the purpose of an orderly liquidation of the assets of the failed bank.  Central to that mission is taking ownership and control of, and protecting the security of, a failed bank's records.  Consequently, Congress has vested the FDIC-Receiver with all rights to a failed bank's files and records,[1] the duty to keep and maintain those records for a statutorily mandated period of time,[2] and the duty to safeguard the security and confidentiality of those records.[3]

---

[1] The FDIC's statutory scheme makes the FDIC-Receiver the owner of these records, stating that FDIC-Receiver succeeds in "rights, titles, powers, and privileges . . . of any . . . officer, or director of such institution with respect to the institution and [its] assets . . . and title to the books, records and assets of any previous conservator or other legal custodian of such institution." 12 U.S.C. §1821(d)(2)(A).

[2] 12 U.S.C. § 1821(d)(15).

[3] 15 U.S.C. §§ 6801, 6802 and 6805(b); 12 U.S.C. § 1831p-1; 12 C.F.R. Part 364.

Recently, the FDIC has determined that officers and directors of banks on the brink of failure, acting together with Bryan Cave and/or MLA, have repeatedly copied and sent to the law firms various types of confidential bank records, often including "Suspicious Activity Reports," FDIC Examination Reports, employee emails and/or bank loan files containing sensitive personally identifiable and nonpublic personal identifying information ("PII") about bank customers (e.g., social security numbers, taxpayer identification numbers, account numbers and loan applications, personal financial statements and credit reports).  The stated purpose for copying, removing and retaining these highly sensitive records is that the officers and directors wish to ensure that their attorneys have access to the records in the event that any action or litigation relating to their part in the bank's failure is filed against them in the future.  However, the removal of the bank records for the personal benefit of the officers and directors violates bank policies. At various times, these confidential banks records, copied and removed by the officers and directors and their law firms, have been in the possession of one or more of those officers and directors themselves, their law firms, third-party vendors engaged by the law firms, and in the hands of various delivery services, such as Federal Express.

FDIC-Receiver's position is that this conduct violates banking privacy laws and other federal statutes and regulations.  Bryan Cave and MLA apparently

contend that their conduct does not.  The FDIC has determined that Bryan Cave represents groups of bank officers and directors of multiple failed institutions and has been specifically marketing its services to the directors and officers of troubled banks with the recommendation that the directors and officers consider copying and removing from the bank certain confidential bank records prior to the appointment of a receiver.  FDIC has also learned that Bryan Cave, acting as counsel for a troubled bank, has advised certain officers and directors of that bank (who are now represented by MLA) that it was appropriate to copy and remove bank records *prior* to the appointment of the FDIC as receiver.  Furthermore, the removal of bank records from failing institutions in which Bryan Cave is involved has continued even after the FDIC filed suit against that firm on the Hillcrest matter.

Bryan Cave's position has been, for example, that officers and directors have a "right" or are "entitled" to take and possess these documents to defend themselves in possible future litigation.  But the law does not support such a broad proposition.  To the contrary, while officers and directors, in appropriate circumstances, can make a proper and limited request to inspect and examine documents relevant to claims and litigation, there is no "right" or "entitlement" to copy and remove from bank premises whatever banking files such parties decide might be relevant to their defense against some possible anticipated future action

against them.  Any such right is necessarily even more limited when the documents involve PII and confidential regulatory and criminal referral matters.

Allowing directors and officers of failing banks to engage in copying (including scanning and imaging) of bank information and private customer banking records—and to remove those records from bank premises—on the eve of receivership for their own personal and individual use and benefit flies in the face of the clear statutory protocol for such situations.  Moreover, maintaining copied bank records out of the FDIC-Receiver's hands, and leaving the FDIC-Receiver in the dark about who was allowed access to those records, places innocent third parties at risk due to the detailed private financial information contained in the records.  This sensitive information might be disseminated, lost, or accessed by one or more individuals who lack any authorization to possess the information, without the knowledge or consent of any of the customers to which the information pertains.

## II.   PROCEDURAL BACKGROUND

### A.   The Bryan Cave Action

FDIC, acting as receiver for the Hillcrest Bank ("FDIC-Hillcrest") filed the complaint in the Bryan Cave Action on November 9, 2010 [Dkt. No. 1].  The first claim of the complaint seeks a declaratory judgment regarding the rights and interests of FDIC-Hillcrest and Bryan Cave to possess the subject bank records

removed from the bank (including a determination that FDIC-Hillcrest is the sole owner of those bank records, including any copies of such information). Complaint, pp. 18-20 (¶¶52-56).

The event that precipitated the filing of the Bryan Cave Action demonstrates the problem the FDIC faces and the need for expedited declaratory relief in these matters. The FDIC-Hillcrest had been negotiating with Bryan Cave regarding returning the copied bank records to the FDIC-Hillcrest and had received Bryan Cave's assurance that, while the parties were discussing the issue, the records would be held secure and that no one—not Bryan Cave or anyone in its "client group"—would access the records. Complaint, ¶ 44. Bryan Cave told the FDIC-Hillcrest that it would respond to the FDIC-Hillcrest's demand for return of the records on Friday, November 5th, and then indicated that a response would be forthcoming on Monday, November 8th. Complaint, ¶ 45. At 4:21 p.m. EST on Monday, November 8th, Bryan Cave informed the FDIC-Hillcrest that its engagement had been terminated the previous Friday and that it had already shipped all of the copied bank records to unidentified members of is client group. Complaint, ¶ 46-47. Bryan Cave also informed the FDIC-Hillcrest that the client group had hired the law firm of Rouse Hendricks German & May to defend them. Complaint, Exh. G-9.[4]

---

[4] Those new lawyers in turn had hired a third-party vendor called BKD

FDIC-Hillcrest filed suit and also filed a motion for a temporary restraining order and preliminary injunction [Dkt. No. 2]. The parties entered into a Consent Order dated November 10, 2010, regarding the handling of the bank records then or previously in Bryan Cave's possession and the provision of information and documentation regarding the chain of custody of those records so that they could be tracked down and recovered by the FDIC-Hillcrest [Dkt. No. 8]. The FDIC-Hillcrest now believes that it has recovered all of the copied bank files, with the exception of electronic copies residing for a limited number of days on "disaster recovery" media belonging to the law firm and the third party vendor to whom that law firm provided the records, which copies it has been assured will be permanently destroyed when that media is overwritten.

Bryan Cave may claim that its actions—in returning the bank documents to its former clients prior to suit and entering into a consent order—render FDIC-Hillcrest's declaratory judgment claim "moot." Such an argument, however, would ignore the fact that mootness cannot be overcome by a party unilaterally altering its conduct to terminate a dispute, especially when, as in the present case, the controversy is capable of repetition, yet is evading review. *Sims v. State of Fla.*

---

Forensics. Before the FDIC-Hillcrest was able to recover the copied bank records, those records had gone from the possession of Bryan Cave to the possession of one or more of its officer and director clients, and then to the new law firm, and then to BDK Forensics, most of it in unencrypted format.

*Dept. of Hwy. Safety and Motor Vehicles*, 862 F.2d 1449, 1460 (11th Cir. 1989) (explaining that "effective review of an owner's claim would never occur if [courts held] that delivery of documents [over which a lawsuit was commenced] at any time, even after trial renders the owner's claim moot"); *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 346 (5th Cir. 1981) (holding that "[v]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot" and that a case is also not moot where "the challenged action lasts for so short a time that it inevitably expires before review is possible, and there is a reasonable likelihood that the same party will be subject to the same action again") (internal citation omitted). *Am. Ins. Co. v. Evercare Co.*, No. 1:09-cv-2698-TCB, 699 F. Supp. 2d 1355 (N.D. Ga. 2010) (explaining that declaratory judgment action remains live controversy when there is an ongoing dispute regarding parties' duties).  Critically, Bryan Cave and MLA continue to engage in the same conduct with respect to the records of other failed or failing banks, even after the filing of the request for a temporary restraining order by FDIC-Hillcrest.  The fact that one set of such records has now, after the expenditure of much time and effort, apparently been recovered, does not make the central issue moot, nor does it alleviate the danger.  Indeed, the roundabout that occurred with the copies Hillcrest Bank records illustrates the danger in allowing officers and directors to personally possess (either directly or

through their law firms) bank records that they have copied and removed from bank premises.

## B.   The MLA Action

The next week, on November 17, 2010, MLA filed its complaint for declaratory relief against the FDIC in its capacity as receiver for the four named banks. MLA's declaratory action seeks guidance from the Court regarding MLA's rights to retain copied documents provided by its officer and director clients of the failed banks prior to the closure of the banks. MLA also filed a motion, pursuant to Federal Rule of Civil Procedure 67, for the Court's permission to deposit under seal into the Court "certain" documents it obtained from officers and directors of the failed banks. The following day, on November 18, 2010, Judge Story entered MLA's proposed order granting their request to deposit the documents with the Court under seal pending resolution of MLA's complaint for declaratory judgment. On November 22, 2010, MLA filed the documents into the Court's registry. A copy of the MLA docket sheet, complaint, motion papers filed in the suit, Order, and notice of filing are attached collectively as *Exhibit A*.[5]

---

[5] FDIC in its capacity as Receiver for the four banks has 60 days after service to answer, move or otherwise respond to the MLA Action pursuant to Federal Rule of Civil Procedure 12(a)(2), and that time has not yet run.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Actions Should Be Consolidated (Or Otherwise Joined For Hearing) For A Ruling On The Declaratory Judgment Actions.

Where actions before the Court involve a common question of law or fact, the Court may join the matters for hearing or trial, consolidate the actions or issue any other orders to avoid unnecessary cost or delay.[6] Fed. R. Civ. P. 42.  The Court has broad discretion under Rule 42.  This procedure is most appropriate where, as here, consolidation would help avoid needless duplication of time, effort and expense on the part of the parties and the Court to reach a resolution of the issues under the parties' declaratory judgment claims.  The risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits seeking the same direction and the relative expense to all concerned call for and weigh in favor of consolidation. *City of Pompano Beach Gen. Empl. Ret. Sys. v. Synovus Fin. Corp.* and *Miller v. Anthony*, Nos. 1:09-cv-01811-JOF, 1:09-cv-03069-JOF, 2009 WL 4641804, at *2 (N.D. Ga. Dec. 1, 2009); *Mae v. So. Trace Apartments, Inc.*, 1:06-cv-2980-WSD, 2007 WL 2187382, at *2 (N.D. Ga. Jul. 27, 2007).

---

[6] FDIC-Receiver is filing this Motion in the Bryan Cave Action (as the "first-filed" case) because it is the appropriate action for a determination on consolidation and treatment of these matters. *Marietta Drapery & Windows Covering, Co. v. North River Ins. Co.*, 486 F. Supp. 2d 1366 (N.D. Ga. 2007).  A "Notice of Filing" of this Motion is being filed in the MLA Action.

The same fundamental issue is framed for declaratory determination in both actions.[7] The fact that there are now two actions raising the same central issue is indicative of the fact that this issue is likely to arise again and again unless it is resolved, resulting in bank records being copied and removed from failing banks across the country at the expense of the failing bank and being stored—and moved—at the whim of the parties without the authority to have copied and removed them in the first place. And, indeed, the very law firms involved in these actions have worked together to remove bank records prior to FDIC receivership. Such repetition of the central problem—and the resulting patchwork of locations and custodians of the various failed bank's records—poses a significant impediment to the FDIC as it attempts to fulfill its core mission as a receiver of failed banks and its statutory charge to effect the orderly closing of those banks, including the protection of the bank's and customers' confidential and private information.

---

[7] The rights and interests of the parties are an actual controversy, ripe for adjudication in a declaratory judgment action. See e.g., *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995) (explaining that a party is entitled to declaratory relief if there is an actual and substantial controversy between parties having adverse interests); *Kidder, Peabody & Co. Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2nd Cir. 1991) (internal citation omitted) (explaining that "a declaratory judgment should be entertained when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue and [] when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding").

**B.    Alternatively, The Actions Should Be Deemed "Related."**

To the extent the cases are not consolidated (or otherwise joined for hearing or trial on the declaratory judgment claims), FDIC-Receiver moves to have the two actions deemed "related." This request is based on the same considerations and risks contemplated by Rule 42 so that the same Judge (rather than the same Court in this instance) can address these actions and, most importantly, inconsistent rulings can be avoided. This District deems cases to be "related" where, for example, the same issue of fact arises out of the same event or transaction included in an earlier numbered pending suit. Form "Civil Cover Sheet" JS44 (Rev. 1/08 NDGA).

**C.    A Speedy/Expedited Ruling On The Declaratory Judgment Claims Is Appropriate And Necessary.**

The Court may order a "speedy hearing" of a declaratory judgment action. Fed. R. Civ. P. 57. Also, under Local Rule 7.2B, upon motion and for good cause shown, the Court may waive the time requirements for typical motions and grant an immediate hearing on any matter requiring such expedited procedure. These two cases are just examples of the many similar, if not identical, situations FDIC-Receiver believes and understands presently exist.

Time is of the essence. A legal determination is sought to make it clear that officers and directors of a failed bank—and their lawyers—may not possess bank records copied and removed by them on the eve of the bank's failure. Expedited

consideration is required because of the confidential and highly sensitive nature of
the contents of the copied bank records, the damage that would result from a
breach of security, and because the conduct at issue continues to directly
undermine the integrity of the FDIC's clear statutory charge and mission. Each
day that passes allows more confidential and private information to be put at risk.

The resolutions proposed by Bryan Cave (that the directors and officers' law
firm should be allowed to possess the copied bank records) and MLA (that the
Court, even in the interim, should take possession of the copied bank records) are
not workable solutions. Approximately 150 financial institutions have already
failed this year alone, and the FDIC simply cannot encourage or allow the directors
and officers of failed banks to remove and possess—or to subcontract with some
other firm, person, or entity to remove and possess—banking records that are
owned by the FDIC-Receiver under federal statute and entrusted to it for keeping
and protection. 12 U.S.C. §1821(d)(2)(A). The FDIC has neither the resources
nor the ability to locate and chase after the removed bank records or to set up,
manage, and monitor a patchwork of off-site storage arrangements for containing
confidential bank records.

Moreover, the logistical issues in addressing the gathering and return of
protected bank information (including the removal of data stored electronically)
can be (and has proven in the Bryan Cave matter to be) cumbersome and difficult.

The sooner the parties in these two lawsuits obtain a ruling with respect to the right of directors and officers to copy and remove confidential bank records from the bank premises, and retain those documents after failure of the bank for their personal use, the sooner the appropriate parties can adjust their future actions accordingly.

**D.  FDIC-Receiver Requests A Hearing And Briefing Schedule Be Established On This Motion And For A Determination Of The Declaratory Judgment Claims.**

FDIC-Receiver respectfully requests that an expedited hearing and briefing schedule be established for this Motion and for the determination of the declaratory judgment actions.  FDIC-Receiver requests that Bryan Cave and MLA be required to submit written responses to this Motion within seven days from the date of this filing and that the Court put the matter on its next available hearing calendar. FDIC-Receiver stands ready to participate in a status conference and/or otherwise work with the parties and the Court to reach an appropriate briefing schedule for all parties and hearing date on the determination of the declaratory judgment claims as necessary and appropriate.

[Remainder of page intentionally left blank]

## IV.   CONCLUSION

For the foregoing reasons, FDIC-Receiver respectfully requests that the
Court enter an Order granting this Motion.  A Proposed Order granting FDIC-
Receiver's request to have responses to this Motion, if any, filed in seven days is
attached as *Exhibit B*.

## CERTIFICATION

Undersigned counsel certifies, pursuant to Local Rule 7.1D, that the
foregoing brief has been prepared using 14-point Times New Roman font, that is
the font and point selection approved by the court in Local Rule 5.1

Dated:  November 29, 2010.

SCHIFF HARDIN LLP

By:   */s/ Ethan H. Cohen*

| | |
|---|---|
| Michael K. Wolensky | Antony S. Burt |
| Georgia Bar No. 773255 | Admitted *Pro Hac Vice* (Case No. 1:10-cv-03666-TCB) |
| mwolensky@schiffhardin.com | aburt@schiffhardin.com |
| Ethan H. Cohen | Linda K. Stevens |
| Georgia Bar No. 173745 | Admitted *Pro Hac Vice* (Case No. 1:10-cv-03666-TCB) |
| ecohen@schiffhardin.com | lstevens@schiffhardin.com |
| | |
| One Atlantic Center, Suite 2300 | 233 S. Wacker Drive |
| 1201 West Peachtree Street, N.W. | Chicago, Illinois  60606 |
| Atlanta, Georgia  30309 | Telephone:  (312) 258-5500 |
| Telephone:  (404) 437-7000 | Facsimile:   (312) 258-5600 |
| Facsimile:  (404) 437-7100 | |

*Attorneys for Plaintiff Federal Deposit Insurance Corporation,*
*as Receiver for Hillcrest Bank and Defendant Federal Deposit Insurance*
*Corporation as Receivers for Darby Bank & Trust Co., K Bank, McIntosh*
*Commercial Bank, and NorthWest Bank & Trust.*

AT\8232593.8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Hillcrest Bank, <br><br>      Plaintiff, <br><br> v. <br><br> BRYAN CAVE LLP, <br><br>      Defendant. | Civil Action No. <br> 1:10-cv-03666-TCB |
| MCKENNA LONG & ALDRIDGE, LLP, <br><br>      Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Darby Bank & Trust Co., K Bank, McInstosh (*sic*) Commercial Bank, and NorthWest Bank & Trust, <br><br>      Defendants. | Civil Action No. <br> 1:10-cv-03779-RWS |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing FDIC-RECEIVER'S MOTION TO

CONSOLIDATE ACTIONS OR, ALTERNATIVELY, TO HAVE ACTIONS

DEEMED "RELATED" AND FOR EXPEDITED REVIEW OF THE

DECLARATORY JUDGMENT CLAIMS AND INCORPORATED

MEMORANDUM OF LAW was electronically filed with the Clerk of Court using

the CM/ECF system, which will automatically serves notification of such filing to

all counsel of record.

This 29th day of November, 2010.

/s/ Ethan H. Cohen
Ethan H. Cohen
Georgia Bar No. 173745

AT\8232593.8