IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Federal Deposit Insurance Corporation,  )
as Receiver for Hillcrest Bank,  )
      Plaintiff,  )
v.  )      Civil Action Number
Bryan Cave LLP,  )      1:10-CV-3666-TCB
      Defendant.  )

## ANSWER

    Defendant Bryan Cave LLP ("Bryan Cave"), through its counsel of record,
hereby timely files this Answer to the Verified Complaint (the "Complaint"),
which was filed on November 9, 2010, and served on November 16, 2010.

## FIRST DEFENSE

    In its Complaint, Plaintiff, the receiver for the failed Hillcrest Bank
("Plaintiff-Receiver"), articulates for the first time the policy position of the
Federal Deposit Insurance Corporation ("FDIC"), which has no basis in law,
previous guidance, or regulation.  As such, the Complaint, and each claim asserted
therein, is barred as a result of the FDIC's failure to provide Fair Notice.  The
FDIC's current position seeks to deny directors and officers of failing and failed
banks access to copies of any documents, irrespective of the type of documents or
the time and manner in which the directors and officers came into possession of the

copies.  The FDIC's current position is so ill-defined and vague that it is unfair and incapable of comprehension or consistent application, and thus fails for vagueness.

Although asserted with a pretext of concern about privacy rights, the FDIC's position is actually designed to deprive directors and officers and their attorneys of copies of the very evidence upon which the FDIC (in its role as receiver for various banks) relies in making demands upon the directors and officers for repayment of the bank's losses as a result of alleged wrongdoing, thereby significantly diluting the directors' and officers' ability to obtain effective legal representation and advice.  For example, in this case, Plaintiff-Receiver demanded that the directors and officers personally pay the entire losses of Hillcrest Bank ($506.9 million), yet Plaintiff-Receiver takes the position in this lawsuit that neither the directors and officers nor their lawyers had any right whatsoever to obtain and possess copies of certain bank documents that are needed to evaluate that demand and to provide notice to the insurance carriers.

Finally, the FDIC's current position, which is contrary to past practice and industry understanding, clearly manifests the FDIC's attempt to usurp additional rights, privileges, and powers that it will use to coerce and intimidate bank directors and officers and their attorneys, through the filing of lawsuits, threats of lawsuits, and denial of access to information to which directors and officers and

their attorneys are entitled.  The FDIC's strained legal interpretation and strategy—which, in essence, constitute an effort to enforce an *ex post facto* law and/or an arbitrary and capricious agency action in violation of the Administrative Procedure Act—deserve no deference and should be rejected.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction with respect to one or more of Plaintiff-Receiver's claims because the claims and the relief that Plaintiff-Receiver seeks are moot, and there is no ripe case or controversy for consideration by the Court.

## FOURTH DEFENSE

Plaintiff-Receiver lacks standing to assert one or more of the claims in the Complaint.  Specifically, upon information and belief, certain assets of the failed Hillcrest Bank, which may include rights to certain bank documents, have been conveyed to another entity.[1]

---

[1] A copy of the Purchase and Assumption Agreement (Whole Bank, All Deposits) Among the Federal Deposit Insurance Corporation, as Receiver of Hillcrest Bank, Overland Park, Kansas, the Federal Deposit Insurance Corporation, and Hillcrest Bank, National Association, dated as of October 22, 2010, is available at http://www.fdic.gov/bank/individual/failed/hillcrest_ks_p_and_a.pdf.

## FIFTH DEFENSE

The Complaint fails to allege facts or make a showing sufficient to support any grant of declaratory or injunctive relief.

## SIXTH DEFENSE

Plaintiff-Receiver has not suffered any monetary damages as a result of Bryan Cave's alleged conduct.

## SEVENTH DEFENSE

Plaintiff-Receiver's claims are barred because Bryan Cave acted in good faith, without malice, with justification, and on an informed basis at all relevant times.

## EIGHTH DEFENSE

Any recovery of legal fees paid to Bryan Cave by Hillcrest Bank would constitute unjust enrichment to Plaintiff-Receiver.

## NINTH DEFENSE

As the discovery of evidence may show, Plaintiff-Receiver's claims are barred based on the doctrines of estoppel, laches, waiver, acquiescence, voluntary payment, and/or ratification.

TENTH DEFENSE

Bryan Cave responds to the separately numbered paragraphs of the Complaint as follows:

<u>Introduction</u>

1.     Bryan Cave denies the allegations in Paragraph 1 of the Complaint, except that Bryan Cave admits that Plaintiff brings this action in its capacity as receiver for Hillcrest Bank.  Bryan Cave specifically denies the allegation that its and its former clients' possession of copies of certain bank documents and electronic data (the "Copies") was improper or unlawful.  Prior to the bank's failure, Bryan Cave was engaged to advise certain officers and directors of Hillcrest Bank (the "Clients") regarding their duties in light of the bank's troubled condition and regulatory posture, as well as preparing for an orderly closing and receivership.[2]  The bank's directors and officers are entitled to separate legal representation, and such an attorney-client relationship is normal and appropriate. In connection with that representation, the Clients and Bryan Cave were permitted

---

[2] Part of that representation included, at the request of Plaintiff-Receiver, notifying the insurance carriers of Plaintiff-Receiver's demand that the Clients personally pay the entire losses of Hillcrest Bank ($506.9 million) and responding to the insurance carriers' questions or requests for additional information, which continue even after a bank fails.

under relevant law to obtain, review, and possess the Copies.[3]  At all times, Bryan

Cave maintained the Copies with strict confidentiality (as required by Georgia

Rule of Professional Conduct 1.6) and limited access; Bryan Cave did not

disseminate any of the Copies outside of the firm or use the Copies for any purpose

other than its representation of the Clients.  When its representation of the Clients

ended, Bryan Cave returned the Copies to the Clients and, at the direction of

Plaintiff-Receiver, destroyed all of the paper and electronic duplicates.  In the

current posture, and taking into account events subsequent to the filing of the

Complaint, there is no ripe case or controversy for consideration by the Court.

While the Complaint contains Plaintiff-Receiver's policy preferences that treat

monolithically all bank documents—in other words, without taking into account

directors' and officers' rights under state law to possess copies of certain bank

documents—the Complaint does not provide a basis for relief.  The Court cannot

grant relief on Plaintiff-Receiver's demand for "immediate return" of the Copies

and "immediate provision of information regarding the dissemination" of the

Copies because Plaintiff-Receiver has already received such relief.  Bryan Cave no

longer possesses any Copies or duplicates, and, pursuant to the Consent Order

entered on November 10, 2010, Bryan Cave has already provided confidential

---

[3] Bryan Cave did not possess any original bank documents.

6

sworn declarations to Plaintiff-Receiver regarding the chain of custody of the Copies, the method of storage of the Copies, the identity of the limited number of people who accessed the Copies, and the destruction of all duplicates. Thus, Plaintiff-Receiver's claim for declaratory judgment is moot, and the Complaint also fails to state a claim for relief under theories of common law conversion, Kansas Trade Secrets Act, or unjust enrichment.

2.     Bryan Cave admits that after its representation of the Clients ended, Bryan Cave returned the Copies to the Clients, and pursuant to Plaintiff-Receiver's demands, destroyed all paper and electronic duplicates of the Copies. Bryan Cave denies the remaining allegations in Paragraph 2 of the Complaint, and specifically denies any allegation or inference of wrongdoing in its possession or handling of the Copies or duplicates. Bryan Cave also denies that Plaintiff-Receiver lacks knowledge or evidence of "how and where the Copie[s] were stored at Bryan Cave and who accessed [the Copies]" because, pursuant to the November 10, 2010 Consent Order, Bryan Cave has provided that information to Plaintiff-Receiver in the form of confidential sworn declarations, thus mooting the relief that Plaintiff-Receiver seeks in the Complaint.

<u>Parties, Jurisdiction, and Venue</u>

3.      Based on information and belief, Bryan Cave admits the allegations in Paragraph 3 of the Complaint.

4.      Based on information and belief, Bryan Cave admits the allegations in Paragraph 4 of the Complaint.

5.      Bryan Cave admits the allegations in Paragraph 5 of the Complaint.

6.      Bryan Cave admits that the Court has subject matter jurisdiction over this action.  To the extent that Paragraph 6 of the Complaint refers to federal statutes, which speak for themselves as to their content and legal effect, Bryan Cave denies any allegations that are inconsistent therewith.

7.      Bryan Cave admits that venue is proper in this Court, but denies the remaining allegations in Paragraph 7 of the Complaint.

<u>Factual Allegations</u>

8.      To the extent that Paragraph 8 of the Complaint refers to federal statutes, which speak for themselves as to their content and legal effect, Bryan Cave denies any allegations that are inconsistent therewith.  Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff-Receiver's mission or intent, and accordingly denies the allegations.

9.     To the extent that Paragraph 9 of the Complaint refers to federal statutes, which speak for themselves as to their content and legal effect, Bryan Cave denies any allegations that are inconsistent therewith, and specifically denies that 12 U.S.C. § 1821(d)(2) conveys ownership over all copies of Hillcrest Bank's books and records to Plaintiff-Receiver.  Bryan Cave admits that on October 22, 2010, Plaintiff-Receiver was appointed as receiver and succeeded to all rights, titles, powers, and privileges that were held by Hillcrest Bank.  Bryan Cave denies the remaining allegations, if any, in Paragraph 9.

10.     Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint regarding whether its former Clients have any role in the current management of Hillcrest Bank or the receivership, and accordingly denies the allegations.

11.     Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and accordingly denies the allegations.  Bryan Cave does not adopt the defined terms set forth in Paragraph 11.

12.     Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and accordingly

denies the allegations.  Bryan Cave does not adopt the defined terms set forth in Paragraph 12.

13.     Bryan Cave denies the allegations in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint refers to federal statutes, which speak for themselves as to their content and legal effect, and Bryan Cave denies any allegations that are inconsistent therewith.

15.     Paragraph 15 of the Complaint refers to Exhibits A and B to the Complaint, which speak for themselves as to their content, and Bryan Cave denies any allegations that are inconsistent therewith.  Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and accordingly denies the allegations.

16.     Paragraph 16 of the Complaint refers to and quotes from Exhibit A to the Complaint, which speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

17.     Paragraph 17 of the Complaint refers to and quotes from Exhibit B to the Complaint, which speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

18.     Paragraph 18 of the Complaint refers to written contracts, which speak for themselves as to their content, and Bryan Cave denies any allegations

that are inconsistent therewith.  Bryan Cave lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph

18, and accordingly denies the allegations.

19.    Bryan Cave admits the allegations in the first sentence of Paragraph

19 of the Complaint.  Bryan Cave lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in the second sentence of Paragraph

19, and accordingly denies the allegations.  The third and fourth sentences of

Paragraph 19 refer to and quote from Exhibits C and D to the Complaint, which

speak for themselves as to their content, and Bryan Cave denies any allegations

that are inconsistent therewith.  Bryan Cave denies the remaining allegations, if

any, in Paragraph 19.

20.    Bryan Cave lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 20 of the Complaint, and accordingly

denies the allegations.

21.    Bryan Cave lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 21 of the Complaint, and accordingly

denies the allegations.

22.     Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and accordingly denies the allegations.

23.     Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint regarding what Hillcrest Bank or its officers and directors knew at any particular time, much less at the undefined "all relevant times," and regarding communications from federal regulators to Hillcrest Bank, and accordingly denies the allegations.  Bryan Cave admits that in late September 2010, when it was engaged to represent the Clients, it learned that Hillcrest Bank might be placed into receivership by state and federal regulators.  Bryan Cave denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Bryan Cave admits that on September 24, 2010, it was engaged to represent and advise certain directors and officers of Hillcrest Bank, including Jeffrey Wheeler, Scott Asner, Irwin Blitt, R.J. Campbell, Jack Fingersh, George Lieberman, Brian Schneider, and Gerald White (previously referenced collectively as the "Clients").  Bryan Cave is unable to verify whether the document purportedly attached to the Complaint as Exhibit E (provided to the Court separately) is a true and correct copy of the engagement letter because Bryan Cave

never received a copy of Exhibit E; however, Bryan Cave denies Plaintiff-
Receiver's characterization of the engagement letter, which speaks for itself as to
its content.  Bryan Cave denies the remaining allegations in Paragraph 24 of the
Complaint.

  25. Bryan Cave admits that it received several portable storage disks
delivered from Hillcrest Bank prior to October 22, 2010, but Bryan Cave lacks
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 25 of the Complaint, and accordingly denies
the allegations.

  26. Bryan Cave admits that it received a portable hard drive delivered
from Hillcrest Bank prior to October 22, 2010, but Bryan Cave lacks knowledge or
information sufficient to form a belief as to the truth of the remaining allegations in
Paragraph 26 of the Complaint, and accordingly denies the allegations.

  27. Bryan Cave does not know the full extent of the documents and data
that were delivered from Hillcrest Bank on the portable storage disks and portable
hard drive referenced in Paragraphs 25 and 26 of the Complaint, because Bryan
Cave neither requested nor reviewed all of the data that it received (specifically,
the personally identifiable information).  Therefore, Bryan Cave lacks knowledge
or information sufficient to form a belief as to the truth of the allegations that the

electronic media referenced in Paragraphs 25 and 26 may have contained the types of documents listed in Paragraph 27, and accordingly denies the allegations.

28.     In response to the first sentence of Paragraph 28 of the Complaint, Bryan Cave admits that it obtained the Copies to facilitate its representation of the Clients, but Bryan Cave denies that its representation is ongoing, as the engagement terminated on November 5, 2010.  The second sentence of Paragraph 28 contains legal conclusions to which no response is required and refers to a Customer Privacy Notice, which is a written document that speaks for itself as to its content; however, to the extent that the second sentence of Paragraph 28 contains factual allegations, Bryan Cave admits that it was not providing legal representation to Hillcrest Bank.  Bryan Cave denies the remaining allegations in Paragraph 28.

29.     Bryan Cave denies the allegation or inference that Hillcrest Bank or Plaintiff-Receiver owns, controls, or exercises exclusive dominion over the Copies. Bryan Cave further responds that it maintained all Copies in strict confidence in accordance with Rule 1.6 of the Georgia Rules of Professional Conduct.  Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and accordingly denies the allegations.

30.     Bryan Cave admits the allegations in Paragraph 30 of the Complaint and further states that it complied with Georgia Rule of Professional Conduct 1.6 at all times.

31.     Bryan Cave admits the allegations in Paragraph 31 of the Complaint.

32.     Bryan Cave denies the allegations in Paragraph 32 of the Complaint.

33.     Bryan Cave denies the allegations in Paragraph 33 of the Complaint.

34.     To the extent that Paragraph 34 of the Complaint refers to and quotes from Exhibit A to the Complaint, which speaks for itself as to its content, Bryan Cave denies any allegations that are inconsistent therewith.  Bryan Cave denies the remaining allegations in Paragraph 34 and specifically denies that its acquisition and previous possession of the Copies was unauthorized or unlawful.

35.     Paragraph 35 of the Complaint refers to and quotes from Exhibit F to the Complaint, which speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

36.     Bryan Cave denies the allegations in Paragraph 36 of the Complaint.

37.     Bryan Cave denies the allegations in Paragraph 37 of the Complaint.

38.     Bryan Cave denies the allegations in Paragraph 38 of the Complaint.

39.     Bryan Cave denies the allegations in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint refers to a letter dated October 27, 2010, which is a written document that speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

41.     Bryan Cave denies that it refused to return the Copies, as it returned all of the Copies to its former Clients after the engagement ended.  Bryan Cave admits the contention that, at all times during the engagement, it and its Clients had a right to possess the Copies.

42.     Bryan Cave denies the allegations in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint refers to a letter dated October 27, 2010, which is attached to the Complaint as Exhibit G-1; that written document speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

44.     Paragraph 44 of the Complaint refers to and quotes from a letter dated October 28, 2010, an email dated November 2, 2010, and a letter dated November 2, 2010, which are attached to the Complaint as Exhibits G-2, G-7, and G-6, respectively; those written documents speak for themselves as to their content, and Bryan Cave denies any allegations that are inconsistent therewith.

45.     Bryan Cave admits the allegations in the first sentence of Paragraph 45 of the Complaint.  Bryan Cave denies the allegations in the second sentence of

Paragraph 45 and specifically denies that it had any obligation to notify Plaintiff-Receiver of the termination of the engagement.  The third sentence of Paragraph 45 refers to and quotes from an email dated November 5, 2010, which is attached to the Complaint as Exhibit G-10; that written document speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

46.     Paragraph 46 of the Complaint refers to and quotes from an email dated November 8, 2010, and a letter dated November 8, 2010, which are attached to the Complaint as Exhibits G-11 and G-9, respectively; those written documents speak for themselves as to their content, and Bryan Cave denies any allegations that are inconsistent therewith.

47.     Paragraph 47 of the Complaint refers to and quotes from a letter dated November 8, 2010, which is attached to the Complaint as Exhibit G-9; that written document speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

48.     Bryan Cave denies the allegations in Paragraph 48 of the Complaint, as it provided confidential sworn declarations regarding chain of custody and security of the Copies to Plaintiff-Receiver pursuant to the Consent Order entered on November 10, 2010.

49.     Paragraph 49 of the Complaint refers to a letter dated November 8, 2010, which is attached to the Complaint as Exhibit G-9; that written document speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.  Bryan Cave denies the remaining allegations in Paragraph 49, as it provided confidential sworn declarations regarding its storage, access, duplication, and handling of the Copies to Plaintiff-Receiver pursuant to the Consent Order entered on November 10, 2010.

50.     Paragraph 50 of the Complaint refers to a letter dated November 8, 2010, which is attached to the Complaint as Exhibit G-9; that written document speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.  Bryan Cave further states that Plaintiff-Receiver instructed it to destroy all duplicates of the Copies in its possession and therefore denies any allegation or inference that deletion of the metadata associated with the electronic duplicates was wrongful or unauthorized.

51.     Bryan Cave denies the allegations in Paragraph 51 of the Complaint, as it provided confidential sworn declarations regarding chain of custody, security, storage, access, duplication, and handling of the Copies to Plaintiff-Receiver pursuant to the Consent Order entered on November 10, 2010.

<u>First Claim for Relief (Declaratory Relief)</u>

52.     In response to Paragraph 52 of the Complaint, Bryan Cave

incorporates by reference its answers to Paragraphs 1 through 51 above.

53.     Bryan Cave denies the allegations in Paragraph 53 of the Complaint.

54.     Bryan Cave denies the allegations in Paragraph 54 of the Complaint.

55.     Bryan Cave denies the allegations in Paragraph 55 of the Complaint

and denies that Plaintiff-Receiver is entitled to any of the relief it seeks in

Paragraph 55 and the related Paragraph 56.

56.     (a)     Bryan Cave denies the allegations in subsection (a) of

Paragraph 56 of the Complaint because Bryan Cave has already provided the

confidential sworn statements described in this subsection, which moots Plaintiff-

Receiver's request for relief.

        (b)     Bryan Cave denies the allegations in subsection (b) of

Paragraph 56 of the Complaint to the extent that Plaintiff-Receiver intended

"agents, assigns and anyone acting in concert with any of them" to include Bryan

Cave's former Clients (and their attorneys), who do have a right to possess copies

of certain bank records.  Bryan Cave denies the remaining allegations in subsection

(b) because Bryan Cave no longer possesses the Copies or any duplicates, which

moots Plaintiff-Receiver's request for relief.

(c)     Bryan Cave denies the allegations in subsection (c) of Paragraph 56 of the Complaint.

(d)     Bryan Cave denies the allegations in subsection (d) of Paragraph 56 of the Complaint to the extent that Plaintiff-Receiver intended "agents, assigns and anyone acting in concert with any of them" to include Bryan Cave's former Clients (and their attorneys), who do have a right to possess copies of certain bank records.  Bryan Cave admits the remaining allegations in subsection (d) because Bryan Cave no longer represents the Clients and no longer possesses the Copies or any duplicates, which moots Plaintiff-Receiver's request for relief.

(e)     Bryan Cave denies the allegations in subsection (e) of Paragraph 56 of the Complaint to the extent that Plaintiff-Receiver intended "agents, assigns and anyone acting in concert with any of them" to include Bryan Cave's former Clients (and their attorneys), who do have a right to possess copies of certain bank records.  Bryan Cave denies the remaining allegations in subsection (e) because Bryan Cave no longer possesses the Copies or any duplicates, which moots Plaintiff-Receiver's request for relief.

<u>Second Claim for Relief (Kansas Trade Secrets Act)</u>

57.     In response to Paragraph 57 of the Complaint, Bryan Cave incorporates by reference its answers to Paragraphs 1 through 56 above.

58.     Bryan Cave denies the allegations in Paragraph 58 of the Complaint.

(a)     Bryan Cave denies the allegations in subsection (a) of Paragraph 58.

(b)     Bryan Cave lacks knowledge or information sufficient to form a belief as to the truth of the allegations in subsection (b) of Paragraph 58, and accordingly denies the allegations.

59.     Bryan Cave denies the allegations in Paragraph 59 of the Complaint.

60.     Bryan Cave denies the allegations in Paragraph 60 of the Complaint.

61.     Bryan Cave denies the allegations in Paragraph 61 of the Complaint.

62.     Bryan Cave admits that it does not represent Plaintiff-Receiver and did not represent Hillcrest Bank, but denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Bryan Cave denies the allegations in Paragraph 63 of the Complaint.

64.     Bryan Cave denies the allegations in Paragraph 64 of the Complaint.

65.     Bryan Cave denies the allegations in Paragraph 65 of the Complaint.

66.     Bryan Cave denies the allegations in Paragraph 66 of the Complaint.

67.    Bryan Cave denies the allegations in Paragraph 67 of the Complaint.

68.    Bryan Cave denies the allegations in Paragraph 68 of the Complaint.

Third Claim for Relief (Conversion)

69.    In response to Paragraph 69 of the Complaint, Bryan Cave incorporates by reference its answers to Paragraphs 1 through 68 above.

70.    Bryan Cave denies the allegations in Paragraph 70 of the Complaint.

71.    Bryan Cave denies the allegations in Paragraph 71 of the Complaint.

Fourth Claim for Relief (Unjust Enrichment/Money Had and Received)

72.    In response to Paragraph 72 of the Complaint, Bryan Cave incorporates by reference its answers to Paragraphs 1 through 71 above.

73.    Paragraph 73 of the Complaint refers to Exhibit E to the Complaint (purportedly provided to the Court, but not provided to Bryan Cave), which is a written document that speaks for itself as to its content, and Bryan Cave denies any allegations that are inconsistent therewith.

74.    Bryan Cave denies the allegations in Paragraph 74 of the Complaint.

75.    Bryan Cave admits that it received payments from Hillcrest Bank in the total amount of $157,213.62 in consideration for legal services rendered to the Clients, but denies the remaining allegations in Paragraph 75 of the Complaint and specifically denies that the payments were unauthorized or improper.

76.     Bryan Cave denies the allegations in Paragraph 76 of the Complaint.

<u>Jury Demand</u>

No response is required to Plaintiff-Receiver's demand for a trial by jury.

Bryan Cave also demands a trial by jury, if Plaintiff-Receiver's claims survive

summary adjudication.

<u>Prayer</u>

Bryan Cave denies that Plaintiff-Receiver is entitled to any of the relief

sought in Paragraphs 1 through 7 (including subsections) of the Prayer for Relief.

* * *

Bryan Cave denies each and every allegation of the Complaint to which it

has not otherwise made a specific response in this Answer, including, to the extent

that a response is required, the headings and sub-headings in the Complaint.

* * *

Additional facts may be revealed in discovery or otherwise supporting

additional defenses presently available, but unknown, to Bryan Cave.  Bryan Cave

therefore reserves the right to assert, and hereby gives notice that it intends to rely

upon, any other defense(s) that may become available during discovery

proceedings, and Bryan Cave hereby reserves the right to amend its Answer to

assert any such defense(s).

* * *

WHEREFORE, Bryan Cave, having fully answered the Complaint,

respectfully requests that the Court enter an Order:

   (a)  dismissing Plaintiff-Receiver's Complaint in its entirety and with prejudice;

   (b)  entering judgment in favor of Bryan Cave;

   (c)  awarding Bryan Cave its costs and litigation expenses (including reasonable attorneys' fees); and

   (d)  awarding Bryan Cave any further and additional relief as the Court deems just and fair.

Respectfully submitted, this 7th day of December, 2010.

**TROUTMAN SANDERS LLP**

*/s/ Daniel S. Reinhardt*
Daniel S. Reinhardt (GA Bar No. 600350)
daniel.reinhardt@troutmansanders.com
Jaime L. Theriot (GA Bar No. 497652)
jaime.theriot@troutmansanders.com

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000 (phone)
(404) 885-3900 (fax)

*Attorneys for Defendant Bryan Cave LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **Answer** was electronically filed with the

Clerk of Court using the CM/ECF system, which automatically serves notification

of such filing to all counsel of record.

This 7th day of December, 2010.

*/s/ Daniel S. Reinhardt*
Daniel S. Reinhardt (GA Bar No. 600350)