IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Federal Deposit Insurance Corporation, | ) | |
| as Receiver for Hillcrest Bank, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action Number |
| Bryan Cave LLP, | ) | 1:10-CV-3666-TCB |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO CONSOLIDATE ACTIONS OR, ALTERNATIVELY, TO
HAVE ACTIONS DEEMED "RELATED" AND FOR EXPEDITED
REVIEW OF THE DECLARATORY JUDGMENT CLAIMS**

In this case, Plaintiff, the receiver for the failed Hillcrest Bank, asserts four claims against Defendant Bryan Cave LLP ("Bryan Cave"), *former* counsel to certain officers and directors of Hillcrest Bank, regarding Bryan Cave's possession of copies of certain bank documents and electronic data.  Bryan Cave opposes Plaintiff's motion to consolidate this case with a wholly separate action filed by McKenna Long & Aldridge ("MLA") against the receivers for four failed banks, which contains a single claim for declaratory judgment regarding MLA's rights to possess copies of certain bank documents and electronic data on behalf of its *current* clients who are former officers and directors of those four failed banks. Bryan Cave also opposes the request for expedited consideration of the declaratory judgment claims, without sufficient time for full discovery and briefing.

This case and the MLA Action do not meet the standards for consolidation or designation as "related" actions set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.  As a threshold matter, the two cases involve entirely different parties, different claims, and many factual and legal distinctions that require separate consideration.  For example, this case involves a Kansas bank, while the MLA Action involves a Maryland bank and three Georgia banks.  Each bank has its own policies and procedures governing its records and privacy protections; each case involves different types of documents; and state law generally dictates the rights of bank directors and officers and their counsel to obtain and possess copies of certain documents, both before and after the bank fails.  This case also involves several claims (*e.g.*, Kansas Trade Secrets Act, conversion, and unjust enrichment) and defenses (*e.g.*, mootness) that are not applicable to the MLA Action.

Moreover, the Five FDIC-Receivers[1] cannot obtain the declaratory relief that they seek through consolidation.  In framing the "fundamental issue" common to the claims for declaratory judgment in both cases (Pl.'s Mot. at 2-3), the Five FDIC-Receivers ostensibly ask this Court to decide the document access rights of officers and directors (and their counsel) of all banks around the country for which

---

[1] Plaintiff in this case and the defendants in the MLA Action are referenced collectively as the "Five FDIC-Receivers."

the FDIC serves *or may serve* as receiver.  The FDIC, in its corporate capacity

("FDIC-Corporate"), is not a party in either case,[2] and the Five FDIC-Receivers

lack standing to seek a declaration of the rights of hundreds of banks other than the

five banks for which they serve as receivers.  Any declaration issued by this Court

concerning non-party open or failed banks would constitute an impermissible

advisory opinion, based on application of the laws of all 50 states and a variety of

hypothetical facts that are not present in this case or the MLA Action.

For these reasons, the risk of prejudice and confusion and the burden on the

parties and judicial resources that come with consolidation far outweigh any risk of

inconsistent adjudications if the two factually different cases involving unrelated

parties proceeded separately.  Consolidation is therefore not appropriate, and the

motion should be denied.

---

[2] The parties in this case and the MLA Action are the Five FDIC-Receivers, which
are wholly separate entities from the FDIC-Corporate and each other.  *See, e.g.,*
*Bullion Servs. v. Valley State Bank*, 50 F.3d 705, 709 (9th Cir. 1995) ("Because
FDIC Corporate and FDIC Receiver perform two different functions and protect
wholly different interests, courts have been careful to keep the rights and liabilities
of these two entities legally separate."); *Howell v. FDIC*, 986 F.2d 569, 574 (1st
Cir. 1993) (noting that the FDIC is treated as two separate entities when acting in a
"corporate" capacity as a regulator and when acting in a receiver capacity); *FDIC
v. Jones*, 161 Ga. App. 867, 868 (1982) ("Generally, the FDIC as Receiver and the
FDIC as a corporation are to be treated as separate parties.").

## FACTUAL BACKGROUND

### A.  Plaintiff's Suit Against Bryan Cave Involves Multiple Claims, Only One of Which Is Declaratory Judgment.

In late September 2010, Bryan Cave was engaged to represent and advise certain officers and directors of Hillcrest Bank located in Kansas.  (Compl. [dkt. 1] ¶ 24.)  In the course of that representation, Bryan Cave received copies of certain bank documents and electronic data (the "Copies").  (Compl. ¶¶ 25-26.)  At all times, Bryan Cave maintained the Copies with strict confidentiality and limited access to only attorneys and staff working on the file.  (Answer [dkt. 14] ¶¶ 1, 29.)

Hillcrest Bank closed on October 22, 2010, and the FDIC stepped into the shoes of the bank as the receiver.  (Compl. ¶¶ 5, 31.)  Shortly thereafter, on November 5, 2010, Bryan Cave's engagement was terminated.  (Compl. ¶ 45.)  Bryan Cave returned the Copies to its former clients at Hillcrest Bank on November 8, 2010, and notified Plaintiff that same day.  (Compl. ¶ 47.)  The next day, on November 9, 2010, despite knowing that Bryan Cave no longer possessed the Copies, Plaintiff filed a four-count complaint against Bryan Cave.

### 1.  *Since the Filing of the Complaint, Bryan Cave Provided All of the Relief Sought in Plaintiffs' Declaratory Judgment Claim.*

In the first count of the Complaint, Plaintiff alleges that "[t]he rights and interests of the FDIC-Receiver in, and Defendant Bryan Cave's right to possess,

the Copie[s] are an actual controversy." (Compl. ¶ 53.) Plaintiff further alleges

that Bryan Cave's acquisition and possession of the Copies "was and is improper

and unlawful." (Compl. ¶ 54.) Plaintiff seeks a five-part declaration: (1) requiring

that Bryan Cave provide a sworn statement regarding the chain of custody, access

to, security, and duplication of the Copies; (2) enjoining Bryan Cave from

possessing, using, deleting, destroying, modifying, moving, copying, or disclosing

any of the Copies; (3) declaring Plaintiff and its assigns are the sole owners of the

Copies, including any duplicates; (4) declaring that Bryan Cave has no ownership

interest in the Copies or any duplicates; and (5) requiring Bryan Cave to return the

Copies to Plaintiff. (*See* Compl. ¶¶ 56(a)-(e).)

Although Bryan Cave maintains that the applicable state law permits bank

directors and officers and their counsel to obtain and possess certain bank

documents, in this case, Bryan Cave no longer represents the officers and directors,

and therefore has no reason to continue to possess the Copies. Thus, on November

10, 2010, the parties entered a Consent Order [dkt. 8] to resolve Plaintiff's

declaratory judgment claim. Pursuant to that Consent Order, Bryan Cave provided

Plaintiff with confidential sworn declarations regarding the chain of custody,

access to, security, and duplication of the Copies. (*See* Consent Order [dkt. 8] ¶ 1.)

Bryan Cave delivered to Plaintiff all Copies that remained in its possession. (*See*

*id.* ¶ 4.)  The confidential sworn declarations also identified and described the method of removal of duplicates from Bryan Cave's servers and hardware.  (*See id.* ¶ 2.)  A third-party information technology vendor inspected Bryan Cave's systems and hardware and verified that the Copies and duplicates no longer exist on Bryan Cave's systems and hardware.  (*See id.* ¶ 3.)  The Consent Order also provides the injunctive relief that Plaintiff sought.  (*See id.* ¶¶ 5-6.)  In short, Bryan Cave has provided all of the relief requested in Plaintiff's declaratory judgment count.

### 2.  *Plaintiff's Remaining Three Counts Allege a Violation of the Kansas Trade Secrets Act, Conversion, and Unjust Enrichment.*

In the second count of the Complaint, Plaintiff asserts a claim against Bryan Cave for violation of the Kansas Trade Secrets Act, alleging that the Copies that Bryan Cave possessed "contain[ed] Confidential Bank Information and Confidential Consumer Information that constitutes trade secrets"; that "Bryan Cave and its clients have no ownership interest in the Copie[s]"; and that "[f]urther misappropriation of trade secrets is threatened."  (Compl. ¶¶ 58-64.)  Plaintiff's third count seeks relief under a conversion theory, alleging that "[t]itle to and the right to possess the Copie[s] belongs to the FDIC-Receiver" and that "Bryan Cave has no right to possess those records."  (Compl. ¶ 70.)  In the fourth count of the Complaint, Plaintiff seeks to recover legal fees paid to Bryan Cave under an unjust enrichment/money had and received theory, on the alleged basis that the bank's

payment of fees for the legal services that Bryan Cave rendered to the officers and directors was "not properly authorized" and improper.  (*See* Compl. ¶¶ 74-76.)

### B.  By Contrast, the MLA Action Involves Only One Claim for Declaratory Judgment Based on an Entirely Different Set of Facts.

On November 17, 2010, MLA filed a complaint against the FDIC-Receivers for four failed banks located in Georgia and Maryland.  (*See* Pl.'s Mot. Ex. A.) That action contains a single claim for declaratory judgment, wherein MLA seeks guidance from the Court regarding its rights to retain copies of certain bank documents, which were provided to MLA by its officer and director clients prior to bank closure, for the purpose of providing legal advice to its clients.  As of the date of this filing, the defendants in the MLA Action have not yet filed a responsive pleading, so the full extent of the claims and defenses in that case is uncertain.

## ARGUMENT AND CITATION OF AUTHORITY

### I.  The Court Should Deny the Motion to Consolidate Because This Case and the MLA Action Do Not Meet the Standard for Consolidation Under Federal Rule of Civil Procedure 42.

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The rule is purely discretionary, and in exercising its discretion, the Court must consider:

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)

(citing *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982));

*accord Jackson v. Ford Consumer Fin. Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998).

The Five FDIC-Receivers' characterization of the declaratory judgment "common issue," as framed in the Motion to Consolidate—albeit somewhat appealing in its illusory simplicity—is much broader than the declarations actually sought in either case and does not take into account significant differences in the facts, claims, legal issues, and defenses that each case presents.  As discussed below, these differences will impact the Court's analysis regarding the rights and interests of the two law firms and the Five FDIC-Receivers with respect to the copies of bank documents and electronic data.  The reality is that consolidation of these cases is likely to result in prejudice and confusion for the parties and the factfinder, plus significant burden on the parties, the witnesses, and the judicial resources.  In contrast, because the legal questions presented in the two cases turn on state law, there is little risk of inconsistent adjudications.

### A.   This Case and the MLA Action Contain Several Factual and Legal Distinctions That Weigh Against Consolidation.

#### 1.   *The Parties, Claims, and Underlying Facts Are Different.*

As a threshold matter, the parties, claims, and procedural posture of the two cases are substantially different.  In this case, the Plaintiff is the FDIC-Receiver for Hillcrest Bank which asserts four different claims—declaratory judgment and three other common law and statutory claims—against Bryan Cave.  In the MLA Action, the Plaintiff is MLA, and MLA asserts only one claim—declaratory judgment—against the FDIC-Receivers for four different banks as defendants.  In addition to being aligned differently in the two cases, the parties are not common; the law firms are different, and each FDIC-Receiver is a separate, unrelated legal entity that has only the rights and privileges of the bank for which it serves as receiver.

Although both actions contain declaratory judgment counts, the facts underlying each count are very different.  First, the bank at issue in the Bryan Cave case was located in Kansas, but the four banks at issue in the MLA case were located in Georgia and Maryland.  Second, each bank has different policies, procedures, and contractual provisions that may govern an officer's or director's rights to access and copy certain bank documents.  Third, the types of documents that the directors and officers obtain also impacts the analysis, and whether the types of documents at issue in the two cases have some overlap is unknown.

Fourth, while Bryan Cave no longer represents the officers and directors of Hillcrest Bank, MLA is currently representing the officers and directors of the four banks at issue in the MLA Action.

These factual differences will affect the determination of the rights and interests of the parties and therefore could result in unnecessary complication and confusion if the cases were consolidated.  Moreover, none of the facts in either case warrants expedited consideration of the declaratory judgment claims in either case.  Bryan Cave no longer possesses the Copies or any duplicates, and the documents at issue in the MLA Action have been deposited into the Court registry until resolution of the dispute.

### 2. *The Court Must Apply Different States' Laws To Decide the Issues Presented in the Two Cases.*

The Five FDIC-Receivers have framed the purportedly common question in a way that implicates the rights of the officers and directors prior to the closure of the bank: "[w]hether officers and directors of failing banks *facing closure* and the private law firms representing them are entitled to remove from the bank's premises copies of confidential bank records."  (Pl.'s Mot. at 2-3 (emphasis added).)  The directors' and officers' rights to access documents while the bank is

still open are governed by state law.[3] Accordingly, the answer to the purportedly

common question identified by the Five FDIC-Receivers will turn on the law of the

state in which the bank was located. For Hillcrest Bank, then, Kansas law will

govern the pre-closure rights of the officers and directors of Hillcrest Bank. In

Kansas, an active director enjoys an almost absolute and unfettered right of access

to a corporation's records. *See, e.g.,* K.S.A. § 17-6510(d) ("Any director . . . shall

have the right to examine the corporation's stock ledger, a list of its stockholders

and its other books and records for a purpose reasonably related to the director's

position as director."). However, for the banks identified in the MLA Action,

Maryland and Georgia law will govern those officers' and directors' rights to

obtain copies of certain bank documents.

### 3. *Three Claims and Related Discovery in This Case Are Not At Issue in the MLA Action.*

Resolution of the Kansas Trade Secret Act, conversion, and unjust

enrichment claims (which are unique to the Bryan Cave case) will require the

parties to conduct discovery and the Court to consider facts that are completely

---

[3] Bryan Cave acknowledges that federal laws and regulations may govern the dissemination and copying of particular types of bank documents, such as consumer loan files, Suspicious Activity Reports, and examination reports, but state law governs the directors' and officers' rights to access those documents, as well as other bank documents that have no special protection, such as commercial loan files.

irrelevant in the MLA Action.  For instance, to resolve the Kansas Trade Secrets Act, this Court must determine if the Copies constitute trade secrets under Kansas law.  (Compl. ¶ 58.)  Moreover, the Court must decide the value of the Copies, whether Bryan Cave and its Clients had an ownership interest in the Copies, whether a trade secret was misappropriated, and whether further misappropriation is threatened.  (Compl. ¶¶ 59-64.)  Similarly, to resolve the conversion count, this Court must determine whether "[t]itle to and the right to possess the Copie[s] belongs to the FDIC-Receiver" after the bank fails.  (*See* Compl. ¶ 70.)  And, to resolve the unjust enrichment count, the parties must conduct discovery, and the Court must decide whether the bank's payment of legal fees on behalf of the officers and directors was authorized.  (*See* Compl. ¶ 74.)

### B.   The Five FDIC-Receivers Lack Standing To Assert the Rights of Any Open or Failed Bank Other Than the Banks for Which They Currently Serve as Receivers.

In framing the "common issue" in the declaratory judgment claims in both this case and the MLA Action (Pl.'s Mot. at 2-3), the Five FDIC-Receivers ask this Court to decide the document access rights of officers and directors (and their counsel) of all banks around the country for which the FDIC serves *or may serve* as receiver.  This inquiry is both retrospective (pre-closure) and prospective (post-closure and "in the future").  Citing the "[a]pproximately 300 FDIC-insured banks

and thrifts [that] have failed in the past 3 years," and the expectation that "the number of financial institutions in receivership will continue to rise" (Pl.'s Mot. at 3), the Five FDIC-Receivers ask this Court to consolidate and hear the declaratory judgment claims in the two cases on an expedited basis, ostensibly so that the FDIC (and future receiverships) will have an instructive ruling regarding the rights of directors and officers of all financial institutions nationwide. But we cannot get there from here because neither the FDIC-Corporate (which is not a party in either case) nor any of the Five FDIC-Receivers has standing to seek such a declaration.

"[A] litigant must assert his own legal rights and interests and may not ordinarily rely on the rights and interests of third parties." *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). "[T]he fundamental purpose of the standing requirement [is to] ensur[e] that the courts hear only concrete disputes between interested litigants who will frame the issues properly." *Id.*; *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."). The standing doctrine therefore requires:

> (1) that the plaintiff's complaint fall within the 'zone of interests' protected by the statute or constitutional provision at issue; (2) that the complaint not require the court to pass on abstract questions or generalized grievances better addressed by the legislative branches; and (3) that the plaintiff assert his or her own legal rights and interests rather than the legal rights and interests of third parties.

*Mulhall v. Unite Here Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010).  To have standing to assert claims, a party "must show that: (1) he has suffered, or imminently will suffer, an injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Id.* at 1286.  The Five FDIC-Receivers cannot demonstrate any of these elements.

As an initial matter, the FDIC-Corporate is a separate legal entity that is not a party in either this case or the MLA Action.  As such, the FDIC has no standing or ability to litigate the issues presented in either case or in a consolidated action.

The Five FDIC-Receivers do not have standing to request that this Court declare the rights of open banks and their officers and directors.  This request runs directly afoul of the standing doctrine.  The FDIC is not appointed as receiver unless and until a bank fails, and the Five FDIC-Receivers therefore cannot show a legally cognizable interest in the rights of open banks, with the mere expectation that the banks *might* fail and that the FDIC *might* be appointed receiver.[4]

---

[4] Regulation of open banks is reserved for the FDIC-Corporate.  Undoubtedly, the FDIC-Corporate, Bryan Cave, and MLA (and perhaps other firms) would prefer a speedy resolution of the "common issue" that is framed in the Motion, in order to resolve a disagreement that persists today in all representations of bank officers and directors, but that cannot be achieved by consolidating these two cases.  A uniform rule that would apply to all open banks across the country can be achieved only through legislation or regulation (a tool available to the FDIC), but not through litigation that is limited to specific facts and parties now before this Court.

The Five FDIC-Receivers also do not have standing to request that this Court declare the rights of other failed banks and their officers and directors, besides the five specific banks for which they serve as receivers.  The FDIC is appointed as receiver on a bank-specific basis and acts in that capacity to represent only the bank for which it was appointed as receiver.  *See* 12 U.S.C. § 1821(c)(1) (providing that the FDIC "may accept appointment and act as conservator or receiver for any insured depository institution"); *id.* § 1821(d)(A) (describing the FDIC as "Successor to the Institution" and providing that the receiver succeeds to the rights "of the insured depository institution").  As such, Plaintiff in this case, acting as receiver for Hillcrest Bank, "can only make a claim which [Hillcrest Bank] could have made."  *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 25 (1st Cir. 1990) (citing *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 429 (1972)).  The same is true for the defendants in the MLA Action; the receivers for Darby Bank & Trust, K Bank, McIntosh Bank, and NorthWest Bank & Trust can only assert claims that the banks themselves could have asserted.  "The plaintiff in his capacity of receiver has no greater rights or powers than the corporation itself would have."  *Eberhaud v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008); *Gordon v. Dadante*, 2009 U.S. Dist. LEXIS 54147, at *22 n.9 (N.D. Ohio June 26, 2009) (same).  Thus, because Hillcrest Bank and the banks at issue in the MLA Action

could not enforce the rights of the other failed banks, neither can the Five FDIC-Receivers.[5]

In sum, without a cognizable legal interest in the rights of open banks or in the rights of other failed banks, the Five FDIC-Receivers do not have standing to seek a declaration from this Court that would apply to open banks or other failed banks.  In other words, the FDIC and the Five FDIC-Receivers cannot obtain through consolidation what they would not be entitled to obtain in separate actions.

### C.  Any Declaration That Involves Other Non-Party Open or Failed Banks Would Constitute an Impermissible Advisory Opinion.

The consolidated "common issue" declaration that the FDIC seeks—and which necessarily concerns non-parties and issues not presented to the Court in this case or the MLA Action—would constitute an impermissible advisory opinion. "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims."  *Bochese*, 405 F.3d at 974.

The FDIC seeks to have this Court issue a declaratory judgment that would decide for all banks around the country the rights of those banks, their directors and officers, and their counsel with respect to possession of copies of bank

---

[5] The Five FDIC-Receivers may lack standing to assert certain claims on behalf of their respective failed banks for the additional reason that certain assets of the banks, which may include rights to certain bank documents, have been conveyed to another entity.  (*See, e.g.*, Answer at 3 n.1.)

documents, both before and after bank closure.  That would require this Court to

examine the laws of the 50 states, to consider all facts unique to each open bank

and failed bank, and to opine on the rights of numerous non-party banks and their

officers, directors, and counsel, without any litigants appearing before this Court to

advocate on their behalf.  Accordingly, any declaration issued by this Court with

respect to open and failed banks that are not parties to these two actions would be,

by definition, an advisory opinion, which this Court is prohibited from entering.

### D.  The Mootness Defense Is Unique to the Declaratory Judgment Claim in This Case and Would Unnecessarily Complicate a Consolidated Action.

The declaratory judgment claims should not be consolidated for the

additional reason that the mootness defense which applies to Plaintiff's request for

declaratory judgment in this case does not apply to MLA's request for declaratory

judgment in the MLA Action.  "The doctrine of mootness derives directly from the

case or controversy limitation because 'an action that is moot cannot be

characterized as an active case or controversy.'"  *Soliman v. United States*, 296

F.3d 1237, 1242 (11th Cir. 2002) (citing *Adler v. Duval County Sch. Bd.*, 112 F.3d

1475, 1477 (11th Cir. 1997)).  "A case is moot when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.*

(citing *Powell v. McCormack*, 395 U.S. 486, 489 (1969)).

Pursuant to the November 10, 2010 Consent Order, Bryan Cave has already provided all of the relief that Plaintiff sought in its claim for declaratory judgment. Bryan Cave no longer has possession of any Copies or duplicates, and Bryan Cave provided Plaintiff with confidential sworn declarations regarding the chain of custody, access to, security, and duplication of the Copies. The Court therefore cannot grant relief on Plaintiff's demand for "immediate return" of the Copies and "immediate provision of information regarding the dissemination" of the Copies. (Compl. ¶ 1.) As such, there is no longer an active case or controversy with respect to Plaintiff's claim for declaratory judgment. The claim is moot.

Contrary to the FDIC's assertions, the events that underlie the declaratory judgment claim in this case are not "capable of repetition, yet evading review." Indeed, the dispute about mootness alone weighs against consolidation of this case with the MLA Action.

The Eleventh Circuit has established a two-part test to determine if a particular controversy satisfies the "capable of repetition, yet evading review" exception to the mootness doctrine: "(1) there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party, and a showing that (2) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *News-*

*Journal Corp. v. Foxman*, 939 F.2d 1499, 1507 (11th Cir. 1991) (citing *Murphy v.*

*Hunt*, 455 U.S. 478, 482-83 (1982)); *see also Soliman*, 296 F.3d at 1242-43

(holding that the exception is "narrow, and applies only in exceptional situations"

and emphasizing that there must be an expectation that the *same* controversy will

recur involving the *same* complaining party); *U.S. Fire Ins. Co. v. Caulkins*

*Indiantown Campus*, 931 F.2d 744, 748 (11th Cir. 1991).[6]  In this case, neither

prong of the exception is met.

There is no reasonable expectation or probability that the same controversy

at issue in Plaintiff's Complaint—the acquisition and retention of the Copies from

Hillcrest Bank by Bryan Cave—will recur.  First, Bryan Cave no longer represents

the former directors and officers of Hillcrest Bank, and under the terms of the

Consent Order, Bryan Cave is enjoined from possessing or retaining any Copies in

the future.  (*See* Consent Order ¶ 6.)  Moreover, the complaining party in this

action is the FDIC-Receiver for Hillcrest Bank.  As of October 22, 2010, Hillcrest

Bank ceased to exist; thus, it is simply impossible for this controversy to recur

involving the same complaining party, the FDIC-Receiver for Hillcrest Bank.  The

FDIC cannot establish, and in fact has not established, the first prong of the two-

part test.  Neither can the FDIC establish the second prong because there is no

---

[6] Even Plaintiff cited a case highlighting this two-part standard.  *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 346 (5th Cir. 1981).

allegation that the challenged action was in its duration too short to be fully litigated prior to its cessation. There is no doubt, then, that this controversy does not meet the "capable of repetition, yet evading review" exception to the mootness doctrine.[7]

### E. The Risks of Prejudice and Confusion, Plus the Unnecessary Burden and Expense on Unrelated Parties, Substantially Outweigh Any Possible Benefit of Consolidation.

Because the parties and claims in this case and the MLA Action do not overlap, consolidation would cause needless duplication of time, effort, and expense. Consolidation of these two actions would only serve to burden the parties with participation in discovery and pre-trial matters that have no bearing on the outcome of the claims in their respective cases.

In addition, the FDIC does not propose or explain in its Motion a feasible process that a consolidated case would follow, and Bryan Cave is justifiably concerned that a consolidated case would be confusing, unduly burdensome,

---

[7] The FDIC conflates two exceptions to the mootness doctrine by arguing in the same sentence that mootness cannot be overcome by a party unilaterally altering its conduct to terminate a dispute—the voluntary cessation exception—and that this controversy is capable of repetition, yet evading review. (*See* Pl.'s Mot. at 8.) Regardless, neither exception applies because "subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183-84 (11th Cir. 2007) (citing *Friends of the Earth, Inc v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000)).

inefficient, and altogether inconsistent with the purpose of Federal Rule of Civil Procedure 42. Even after counsel for Bryan Cave, MLA, and the Five FDIC-Receivers conferred, it remains unclear how and when the parties would complete discovery and what procedural mechanism the parties would use to present the factual and legal issues to the Court in an effective manner.

In short, there has been no showing that any economies can be achieved by consolidating these cases. In the absence of such a showing, the fact that resolution of the two cases involving unrelated parties is dependent upon the different facts and legal issues in each case counsels strongly against consolidation. *See Jackson*, 181 F.R.D. at 540 (denying a motion to consolidate); *see also Hendrix*, 776 F.2d at 1495.[8]

---

[8] Neither of the cases cited by the FDIC involved consolidation of actions involving unrelated parties or application of different states' laws. *See City of Pompano Beach Gen. Employees Ret. Sys. v. Synovus Fin. Corp.*, 2009 U.S. Dist. LEXIS 112014 (N.D. Ga. Dec. 1, 2009) (consolidating a class action and a shareholder derivative suit because the allegations in both cases arose out of the same relationship and involved the same alleged facts); *Fannie Mae v. Southern Trace Apts., Inc.*, 2007 U.S. Dist. LEXIS 54630 (N.D. Ga. Jul. 27, 2007) (consolidating two actions which involved the same loan and security documents, the same plaintiff, and two of the same defendants).

## II. __The Court Should Deny the Alternative Request To Have the MLA Action Deemed "Related" to This Case Because the Parties, Facts, and Claims Are Unrelated.__

Cases in this District may be deemed "related" only when "the same issue of fact arises out of the same event or transaction included in an earlier numbered pending suit."  (Pl.'s Mot. at 13.)  Here, it is disingenuous to argue that the facts giving rise to the MLA Action—the acquisition and possession of certain bank documents by *current* counsel for officers and directors of four failed banks in *Maryland* and *Georgia*—arose out of the same events or transactions giving rise to the Bryan Cave case—the acquisition and possession (and later return) of certain bank documents by *former* counsel for officers and directors of a failed bank in *Kansas*.  These cases therefore do not qualify as "related" actions, and the Court should deny Plaintiff's request that the cases be designated as related.

## CONCLUSION

For these reasons, Bryan Cave respectfully requests that the Court deny Plaintiff's Motion to Consolidate Actions or, Alternatively, to Have Actions Deemed "Related" and for Expedited Review of the Declaratory Judgment Claims [dkt. 12].

(signatures on following page)

Respectfully submitted, this 16th day of December, 2010.

**TROUTMAN SANDERS LLP**

*/s/ Daniel S. Reinhardt*
Daniel S. Reinhardt (GA Bar No. 600350)
daniel.reinhardt@troutmansanders.com
Jaime L. Theriot (GA Bar No. 497652)
jaime.theriot@troutmansanders.com

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000 (phone)
(404) 885-3900 (fax)

*Attorneys for Defendant Bryan Cave LLP*

## Local Rule 7.1D Certification

By signature below, counsel certifies that the foregoing document was

prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

*/s/ Daniel S. Reinhardt*
Daniel S. Reinhardt (GA Bar No. 600350)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendant's Response in Opposition to Plaintiff's Motion to Consolidate Actions or, Alternatively, to Have Actions Deemed "Related" and for Expedited Review of the Declaratory Judgment Claims** was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 16th day of December, 2010.

/s/ Daniel S. Reinhardt
Daniel S. Reinhardt (GA Bar No. 600350)