IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Federal Deposit Insurance Corporation, as Receiver for Hillcrest Bank, <br><br> Plaintiff, <br> v. <br><br> Bryan Cave LLP, <br><br> Defendant. | Civil Action Number <br> 1:10-CV-3666-TCB |

## STIPULATED PROTECTIVE ORDER

By agreement of the parties, and for good cause shown, pursuant to Federal Rules of Civil Procedure 26(c) and 29 and Federal Rule of Evidence 502(e),

IT IS HEREBY ORDERED THAT:

1. This Order governs the handling of all "Confidential Material" (as defined herein)—specifically including, without limitation, discovery responses; testimony; documents; information on magnetic media, computer tapes, computer disks, computer hard drives, hard copies or printouts derived from computer tapes or computer disks, or individual portions thereof [collectively referred to as "electronic data"]; and all other tangible things that constitute or contain confidential information (including copies, excerpts, and summaries thereof)—that

is produced, provided, or filed by any party (Plaintiff or Defendant) or any non-party during discovery or other pre-trial proceedings in the above-captioned case.

2. If a party serves a subpoena to a non-party for testimony and/or production of documents and tangible things in connection with this action, a copy of this Order shall be served along with the subpoena. At the request of any party, all documents produced by a non-party shall be treated as Confidential Material for a period of seven (7) days after production in order to allow sufficient time for the parties' review and designation as "CONFIDENTIAL," if appropriate, pursuant to the procedures set forth in Paragraph 16 below.

3. Any party or non-party shall have the right for purposes of this Order to designate as "CONFIDENTIAL" any document, testimony, electronic data, information, or tangible thing that it in good faith reasonably believes constitutes or contains non-public and confidential information, including, without limitation, sensitive personal information or other commercially and competitively sensitive technical, scientific, financial, or business information [collectively defined herein as "Confidential Material"].

4. Defendant Bryan Cave LLP reserves its rights to seek production of the copied Hillcrest Bank documents provided to Bryan Cave by its Hillcrest Bank director and officer clients (the "Copied Bank Records"), and Plaintiff FDIC-

2

Receiver reserves its rights to object to such production; however, at this time, the parties are hopeful that it may not be necessary for the Copied Bank Records to be produced or otherwise revealed in discovery, and the parties intend, at least at this point in time, to use an index to identify what files were included in the Copied Bank Records. The parties have agreed to defer the question of whether different confidentiality terms than those applicable to documents designated as "CONFIDENTIAL" under this Stipulated Protective Order may be appropriate for discovery of certain Copied Bank Records that may contain personal identifiable information ("PII") or other private customer information, proprietary trade secrets (as that term is defined in the Kansas Trade Secrets Act, Kan. Stat. § 60-3320, *et seq.*), Examination Reports, or Suspicious Activity Reports ("SARs"). The parties reserve that issue until such Copied Bank Records may become the subject of discovery, at which time the parties will seek to reach an agreed resolution, and, if no resolution can be reached, the parties will promptly bring the issue before the Court.

5. The party or non-party that designates such Confidential Material is referenced herein as the "Designating Person." The party that receives such Confidential Material is referenced herein as the "Receiving Party."

6. Any Confidential Material shall be used by the Receiving Party solely in connection with the evaluation, preparation, prosecution, and/or defense in this litigation and <u>not</u> for any business or other purpose whatsoever. Such Confidential Material may not be used or disclosed except as specifically provided in this Order.

7. The designation of Confidential Material for purposes of this Order shall be made as follows:

    a. At the time a Designating Person produces or otherwise provides documents, discovery responses, electronic data, or other written material that constitutes or contains Confidential Material, the Designating Person shall stamp the term "CONFIDENTIAL" in a conspicuous place on each page containing Confidential Material.

    b. Transcripts of depositions, other pre-trial testimony, and exhibits thereto shall be treated as Confidential Material for a period of fourteen (14) days following receipt of the final transcript by all parties, in order to allow time for review and designations, if necessary. Transcripts and exhibits thereto shall be designated as "CONFIDENTIAL" by counsel for the Designating Person either:

        (i) by stating on the record at the time of disclosure that the testimony and/or exhibits are Confidential Material subject to the terms of this Order, and instructing the court reporter to mark the applicable pages of the transcript and/or exhibits as "CONFIDENTIAL,"

or

        (ii) by providing written notice within fourteen (14) days after receipt of the final transcript that such testimony and/or exhibits are Confidential Material subject to the terms of this Order, and instructing the court reporter to

        mark the applicable pages of the transcript and/or exhibits as "CONFIDENTIAL."

c.     At the time a Designating Person produces or otherwise provides other tangible things, the Designating Person shall have the term "CONFIDENTIAL" stamped on them in a prominent place.

8.     Any copies, excerpts, notes, summaries, or other disclosure of the substance or contents of any Confidential Material also shall be treated as having the same "CONFIDENTIAL" designation and shall be subject to the terms of this Order.

9.     In the event that a Receiving Party disagrees with any "CONFIDENTIAL" designation, the Receiving Party and the Designating Person shall confer, pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1A, and attempt in good faith to resolve the disagreement. If the disagreement is not resolved, the Receiving Party may move the Court for appropriate relief, and the Designating Person shall have the burden of proving the propriety of the "CONFIDENTIAL" designation. Until the Court rules on such a challenge, the material shall be treated as it is designated and subject to the terms of this Order. No party is obligated to challenge the propriety of any designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

10. Confidential Material designated as "CONFIDENTIAL" pursuant to the terms of this Order may be disclosed only to:

a. any party to this action;

b. the parties' outside counsel and in-house counsel and their employees, agents, and outside vendors who are engaged in the evaluation, preparation, prosecution, and/or defense of this action;

c. any recipient, sender, or creator of such Confidential Material;

d. any deponent or testifying witness to whom a party's counsel of record reasonably believes disclosure is necessary, provided that such person consents in writing to be bound by the terms of this Order by executing the form Undertaking attached hereto as Exhibit A (counsel responsible for such disclosure shall retain the original of each such executed Undertaking), and subject to the Designating Person's right to object to the disclosure at the time of the deposition, hearing, or other proceeding;

e. any judicial officer of the U.S. District Court for the Northern District of Georgia, any court to which this action might be transferred, and any appellate court, as well as any court personnel (including clerks, staff attorneys, judicial assistants, and court reporters) as the court deems appropriate;

f. court reporters who transcribe a deposition, hearing, or other proceeding in this action that may involve exhibits that constitute or contain Confidential Material;

g. any independent (unaffiliated with any party) experts, consultants, or independent contractors retained to advise or assist counsel for a party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such individuals consent

       in writing to be bound by the terms of this Order by executing the form Undertaking attached hereto as Exhibit A (counsel responsible for such disclosure shall retain the original of each such executed Undertaking); and

h.     other persons only upon written consent of the Designating Person or order of the Court.

11.     Whenever any Confidential Material is disclosed or used at a deposition (or any portion thereof), such testimony shall be conducted in the presence of only those persons who are authorized under this Order to have access to such Confidential Material.

12.     Any Designating Person shall not be restricted in any manner with respect to the use and/or disclosure of the Designating Person's own Confidential Material.

13.     The parties shall make reasonable efforts not to include Confidential Material in the text of motions, briefs, or pleadings (instead confining Confidential Material to exhibits) and not to reveal Confidential Material in the titles or captions of documents (including the descriptions used in electronic filing). If a party wishes to submit Confidential Material to the Court in text of motions, briefs, or pleadings filed with the Court (or exhibits thereto) or to introduce Confidential Material at a hearing or during trial, such Confidential Material may be filed under seal only by Order of the Court. The party that wishes to submit or introduce

Confidential Material under seal shall follow the procedures set forth in Section 12 of this Court's Instructions to Parties and Counsel [dkt. 7] and included herein:

    a.    <u>Requests To Seal Confidential Material Submitted with or Attached to Motions or Briefs:</u> Counsel shall file in hard copy (not electronically) with the Clerk of Court a motion to file the Confidential Material under seal, and shall attach to the motion (i) a proposed order and (ii) the Confidential Material in a sealed envelope or container labeled with the style of this action, a description of the contents, and a "CONFIDENTIAL" legend. The opposing party shall not be permitted to file a response in opposition to the motion. The Clerk will submit the motion, proposed order, and attached Confidential Material to chambers. The Court will review, *in camera*, the documents or tangible things for which continued protection is requested. If the Court agrees that the documents or tangible things should be sealed, the proposed order provided by counsel will be executed, and the Clerk will file the documents or tangible things under seal.

    b.    <u>Requests To Seal Confidential Material Introduced at a Hearing or During Trial:</u> A party who seeks to introduce Confidential Material at a hearing or during trial shall advise the Court at the time of introduction that the information, documents, or tangible things sought to be introduced are protected. The Court will review the information, documents, or tangible things *in camera*, and make an oral ruling. The Clerk will file any such documents or tangible things under seal.

14.    Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Person specifically consents in advance in writing to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

15. Any Confidential Material that is produced prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such Confidential Material was produced.

16. In the event that a party or non-party inadvertently omits to apply a "CONFIDENTIAL" designation to any document, electronic data, or tangible thing at the time it is produced, that party or non-party shall have the right to so designate such Confidential Material within a reasonable period of time after the omission comes to that person's attention, and the inadvertent omission of the "CONFIDENTIAL" designation shall not be deemed a waiver or forfeiture, in whole or in part, of a claim of confidentiality. Similarly, if a non-party produces any document, electronic data, or tangible thing that a party believes should be designated as "CONFIDENTIAL," then the party shall have the right to so designate the Confidential Material within a reasonable period of time after the non-party's production. When a confidentiality designation is made after the original production, the Designating Person shall produce a substitute, appropriately designated copy of the Confidential Material that contains the "CONFIDENTIAL" legend. Following notification by the Designating Person, the Receiving Party shall treat the Confidential Material as if it had initially been so

marked; shall retrieve such Confidential Material from persons not entitled to receive it under the terms of this Order; and shall return or destroy the undesignated (or improperly designated) documents, electronic data, or tangible things, upon receipt of the substitute, appropriately designated materials.

17. Pursuant to Federal Rule of Evidence 502(b) & (d), the inadvertent or unintentional production or disclosure of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine. Within seven (7) days after receiving notice that privileged information has been inadvertently produced, a Receiving Party shall return or destroy all such privileged information (including all copies, summaries, and other derivative works), shall provide a written certification of return and/or destruction, shall take reasonable steps to retrieve the information if the party disclosed it before being notified, and shall not use or disclose any of the privileged information for any purpose. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party may move the Court for an Order compelling production of documents or information as to which a claim of privilege or work product protection has been asserted (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert as a ground for

entering such an order the fact or circumstances of the inadvertent disclosure. The disclosing party retains the burden of establishing the privilege or protection. Nothing herein shall limit the right of any party to petition the Court for an *in camera* review of inadvertently disclosed privileged information.

18. Nothing herein shall prevent any party or non-party who has received Confidential Material governed by this Order from producing such material in response to a lawful subpoena or court order, provided that the person to whom the subpoena or compulsory process is directed (the "Subpoenaed Party") shall give notice to the Designating Person by telephone and in writing as soon as reasonably practical, but in no event later than seven (7) days in advance of the return or response date for such subpoena or process, and shall furnish the Designating Person with a copy of the subpoena or process, so as to afford the Designating Person a reasonable opportunity to move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Person and the requesting party). If the Designating Person moves for such relief, then the Subpoenaed Party, <u>if permitted by law to do so</u>, shall withhold production of Confidential Material during the pendency of the motion and until receipt of a court order or the consent of the Designating Person.

In the event that production of such Confidential Material is made, such material shall continue to be treated as Confidential by all persons subject to this Order unless and until this Court shall otherwise direct.

19. Within sixty (60) days of the conclusion of this action, including any and all appeals, the Receiving Party shall: (a) destroy or return to the producing party all Confidential Material that is produced during the course of this action, and (b) provide a written certification of its compliance with subparagraph (a) hereof to each Designating Person. Notwithstanding the foregoing, outside counsel for each party shall be allowed to retain one set of the pleadings and other documents filed the Court, correspondence sent in connection with this litigation, deposition transcripts and exhibits thereto, transcripts of any trial or hearing testimony and exhibits thereto, and attorneys' notes and work product relating to this action, subject to the terms of this Order.

20. This Order shall be binding on all parties to this action and respective counsel, all those individuals signing an Undertaking in the form of Exhibit A hereto, all non-parties designating materials hereunder, and all other individuals receiving access to Confidential Material pursuant to the provisions of this Order.

21. The final disposition of this action shall not relieve any person who has received Confidential Material pursuant to this Order from the obligations set

forth herein. The provisions of this Order shall continue to be binding until modified, superseded, or terminated by Order of the Court or by agreement of the parties. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order after the conclusion of the action.

22. No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in this action or of any position as to the relevance, confidentiality, discoverability, or admissibility of evidence.

23. Nothing contained in this Order shall prejudice the right of any party to seek an Order of this Court at any time to modify or dissolve this Order.

SO ORDERED, this 20th day of July, 2011.

/s/ Timothy C. Batten

The Honorable Timothy C. Batten, Sr.
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER CONSENTED TO BY:

| SCHIFF HARDIN LLP | TROUTMAN SANDERS LLP |
|---|---|
| /s/ *Linda K. Stevens*<br>(with express permission by Jaime Theriot)<br>Michael K. Wolensky<br>Georgia Bar No. 773255<br>mwolensky@schiffhardin.com<br>Ethan H. Cohen<br>Georgia Bar No. 173745<br>ecohen@schiffhardin.com<br><br>1201 West Peachtree Street<br>Suite 2300<br>Atlanta, Georgia 30309<br>Telephone: (404) 437-7000<br>Facsimile: (404) 437-7100<br><br>Antony S. Burt (admitted *pro hac vice*)<br>aburt@schiffhardin.com<br>Linda K. Stevens (admitted *pro hac vice*)<br>lstevens@schiffhardin.com<br><br>233 S. Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 258-5500<br>Facsimile: (312) 258-5600<br><br>*Attorneys for Plaintiff* | /s/ *Jaime L. Theriot*<br>Daniel S. Reinhardt (GA Bar No. 600350)<br>daniel.reinhardt@troutmansanders.com<br>Jaime L. Theriot (GA Bar No. 497652)<br>jaime.theriot@troutmansanders.com<br><br>5200 Bank of America Plaza<br>600 Peachtree Street, N.E.<br>Atlanta, GA 30308-2216<br>Telephone: (404) 885-3000<br>Facsimile: (404) 885-3900<br><br>WILLIAMS & CONNOLLY LLP<br><br>John K. Villa (admitted *pro hac vice*)<br>jvilla@wc.com<br>Craig D. Singer (admitted *pro hac vice*)<br>csinger@wc.com<br>Colette T. Connor (admitted *pro hac vice*)<br>cconnor@wc.com<br><br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br><br>*Attorneys for Defendant* |

## **EXHIBIT A: UNDERTAKING**

I hereby acknowledge that I may receive documents, electronic data, testimony, information, and/or tangible things designated as "CONFIDENTIAL" ("Confidential Material") in connection with *FDIC, as Receiver for Hillcrest Bank v. Bryan Cave LLP*, No. 1:10-CV-3666-TCB (the "Action"), pending in the U.S. District Court for the Northern District of Georgia (the "Court").

I understand that this Confidential Material will be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered on June ___, 2011, in this Action (the "Order"). I certify that I have been given a copy of and have read the Order, and I agree to be bound by its terms.

I certify that I will not produce or disclose any Confidential Material to anyone else, and I will not use Confidential Material for any purpose other than to prepare for discovery, trial, or appeal in the Action.

I understand that all Confidential Material and derivative works (such as working copies, notes, or summaries) must remain in my personal custody until I have completed my assigned duties, if any, whereupon all such Confidential Material and derivative works must be destroyed or returned to the party or counsel who provided the Confidential Material to me.

I understand that any violation of the Order or this Undertaking may subject me to penalties or sanctions for contempt of court. I further agree and do hereby submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Printed Name

_____
Signature

_____
Date